# United States District Court
# Central District of California

LAURA E. LANDRY,

        Plaintiff,

    v.

SELECT PORTFOLIO SERVICING, INC.; U.S. BANK, N.A.; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN AND TO THE REAL PROPERTY KNOWN AS "787-789 ST. LOUIS AVENUE, LONG BEACH, CA 90804"; and DOES 1 through 10,

        Defendants.

Case № 2:17-cv-02894-ODW (GJS)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [22]**

## I.    INTRODUCTION

Before the Court is Defendants' motion to dismiss Plaintiff Laura Landry's first amended complaint. (ECF No. 22.) Defendants previously filed two other motions to dismiss, which were denied as moot and granted as unopposed, respectively. (ECF Nos. 9, 12, 13, 16.) The Court granted Plaintiff relief from the unopposed dismissal after finding that Plaintiff's failure to oppose the motion was the result of excusable neglect. (ECF No. 16.) Defendants' current motion to dismiss has been fully briefed.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss and grants Plaintiff leave to amend some of her claims. (ECF No. 22.)

## II.  FACTUAL BACKGROUND

This action stems from Defendants' alleged mishandling of Plaintiff's requested loan modification and Defendants' subsequent foreclosure of Plaintiff's home (the "Subject Property"). Plaintiff purchased the Subject Property in 2001 for $227,000, and she obtained her first mortgage from North American Mortgage for $221,000. (First Am. Compl. ("FAC") ¶ 11, ECF No. 11.) Plaintiff alleges that she made regular payments to "North American Mortgage, Irwin Mortgage, and then Chase" for 14 years. (*Id.*)

During that period of regular payments, Plaintiff refinanced her home and executed a Deed of Trust in favor of Irwin Mortgage Corporation in 2004. (*Id.* ¶ 13.) The new Deed of Trust was in the amount of $333,700, with a monthly payment of $2,000.70. (*Id.*) On April 1, 2014, the servicing of Plaintiff's loan transferred to Defendant Select Portfolio Servicing, Inc. ("SPS"). (*Id.* ¶ 14.)

On October 23, 2016, Plaintiff applied to SPS for a loan modification. (*Id.* ¶ 15.) Her application was based on the fact that she had recently lost her job and then found a new job. (*Id.*) Her new job had a salary of $70,000.00 annually, with a $1,000.00 signing bonus to be paid over the first two paychecks. (*Id.*)

Plaintiff alleges that SPS incorrectly calculated her income based on the fact that her pay stubs were higher during the period in which her $1,000.00 signing bonus was being paid out. (*Id.* ¶¶ 17–19.) Plaintiff claims that SPS "factored in the bonus as if it was continuous," causing it to calculate her income as $95,313 per year instead of $70,000 per year. (*Id.* ¶ 20.) Plaintiff submitted an affidavit with her application explaining the bonus discrepancy, but she says SPS "ignored" it. (*Id.*) As a result, SPS approved Plaintiff for a loan modification with a monthly payment of $2,465.50. (*Id.* ¶ 17.) Plaintiff declined the modification, as it did not afford her the payment

relief she requested.  (*See id.* ¶ 17.)  Plaintiff appealed the loan modification decision, which SPS denied, and Plaintiff later defaulted on her loan.  (*See id.* ¶¶ 21–23, 49.)

Plaintiff also alleges that her Deed of Trust was improperly or illegally transferred and that Defendants are now attempting to foreclose on her home without any legal authority to do so.  (*Id.* ¶¶ 122, 132.)  Plaintiff's operative complaint lists causes of action for negligence, negligent misrepresentation, intentional misrepresentation, violation of California Civil Code section 2923.6, breach of the implied covenant of good faith and fair dealing, violation of California's Unfair Competition Law, wrongful foreclosure, cancellation of instruments, declaratory relief, violation of California Civil Code section 2923.55, and quiet title.  (*See generally* FAC.)

### III.  LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court must dismiss a complaint that does not assert a cognizable legal theory or fails to plead sufficient facts to support an otherwise cognizable legal theory.  Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition, where the plaintiff's claim sounds in fraud, the complaint must comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008); *Bly-*

*Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Rule 9(b) requires the party alleging fraud to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998 (citations, brackets, and internal quotation marks omitted). "Rule 9(b) serves to give defendants adequate notice to allow them to defend against the charge and to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect professionals from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citations, brackets, and internal quotation marks omitted).

Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the party. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

As a preliminary matter, the Court **DENIES** Defendants' request for judicial notice of various documents in connection with their motion to dismiss. (ECF No. 23.) As discussed in the legal standard above, the Court's consideration of this motion to dismiss will be based on the sufficiency of Plaintiff's pleading, not the content or existence of extrinsic documents. *See Mack v. S. Bay. Beer Distribs., Inc.*, 798 F.2d 1278, 1282 (9th Cir. 1986) (noting that courts should not generally look

beyond the complaint in order to avoid converting a motion to dismiss into one for summary judgment).

Defendants attack each of Plaintiff's eleven causes of action. The Court will address each of them in turn.

**A.    Negligence**

The common law elements of negligence are duty, breach, causation, and damages. *See, e.g., Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). Defendants argue that Plaintiff has not adequately pleaded any of the necessary elements and that she also cannot state a claim under the doctrine of negligence per se. The Court agrees. As discussed below, the Court determines that Plaintiff has not pleaded the element of causation required for a negligence claim. Therefore, the Court does not address the other elements of negligence.

     **1.    Causation**

A plaintiff can demonstrate causation for purposes of a negligence claim by showing that "the defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing about the plaintiff's harm." *Id.* at 1205. Here, even assuming that Plaintiff has adequately pleaded each of the other elements of negligence, her complaint does not sufficiently state that Defendants' breach was a substantial factor in bringing about her harm.

Plaintiff's complaint is conclusory as to causation. She claims that "Defendants forced [her] into delinquency by denying her a loan modification wrongly and without logical explanation," but she fails to account for the fact that she was in default under her loan prior to applying for a loan modification. (*See* FAC ¶ 42.) She implicitly acknowledges this discrepancy later in her complaint, stating, "but for Defendant's [sic] breaches, Plaintiff's loan would have been modified, her arrearages would not have been capitalized, [and] her loan would have become current." (*Id.* ¶ 49.) In attempting to state the element of causation, Plaintiff has not overcome the

superseding cause of her own failure to remain current on her loan payment. Therefore, her complaint does not state a valid claim for negligence.

### 2. Negligence per se

Plaintiff also alleges that Defendants are liable under the doctrine of negligence per se. (FAC ¶¶ 46–48.) This doctrine establishes that a presumption of negligence arises "from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute." *People of Cal. v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008) (internal quotation marks omitted). However, even if a plaintiff can show such a violation, "this alone does not entitle a plaintiff to a presumption of negligence *in the absence of an underlying negligence action*." *Id.* (emphasis in original). Thus, given that Plaintiff cannot state an underlying claim for negligence, her assertion of negligence per se cannot revive this cause of action. Therefore, it is **DISMISSED** with leave to amend.

## B. Negligent and Intentional Misrepresentation

Plaintiff's claims for negligent misrepresentation and intentional misrepresentation both trigger the heightened pleading requirements for fraud under Federal Rule of Civil Procedure 9(b). *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Plaintiff alleges that Defendants negligently and/or intentionally misled Plaintiff in their handling of her loan modification application. (*See generally* FAC ¶¶ 53–71.) However, Defendants argue in their motion to dismiss that Plaintiff has not adequately alleged the "the who, what, when, where, and how of the misconduct charged." *See Ebeid*, 616 F.3d at 998. Specifically, Defendants point out that Plaintiff fails to name the individual(s) who made the allegedly fraudulent representations. (Mot. 10.) Defendants also argue that Plaintiff did not explain how the representations Defendants made to her were false, and that by virtue of that omission, she cannot allege that Defendants had knowledge of that falsity. (*Id.*)

1    In response, Plaintiff claims that she did adequately allege the falsity of
2    Defendants' representations in that she alleged that they misleadingly told her they
3    would complete a good faith review of her loan modification application.  (Mot. 13.)
4    Further, Plaintiff cites *Committee on Children's Television, Inc. v. General Foods*
5    *Corporation*, 35 Cal. 3d 197, 216 (1983), which stands for the rule that a plaintiff
6    need not name a defendant's representative if that information is "uniquely within
7    [defendant's] knowledge."  However, Plaintiff does not allege in her pleading or argue
8    in her opposition that the identities of Defendants' representatives were uniquely
9    within Defendants' knowledge.    The Court agrees with Plaintiff that she has
10   adequately alleged *how* Defendants' misrepresentations were false, but it also finds
11   that her pleading is insufficient as to the identities of the individuals who made the
12   misleading statements.  As such, the Court **DISMISSES** Plaintiff's second and third
13   causes of action with leave to amend.

14   **C.    Violation of California Civil Code Section 2923.6**

15       California Civil Code section 2923.6 prohibits the recording of a notice of
16   default or notice of sale when an application for loan modification is pending.  Cal.
17   Civ. Code § 2923.6(c)(1).  Defendants attack this cause of action first by arguing that
18   Plaintiff has not adequately alleged that her loan application was complete at the time
19   that Defendants recorded their notice of sale.  (Mot. 11.)  Second, Defendants argue
20   that even if Plaintiff has alleged a violation of section 2923.6, she has not
21   demonstrated that the violation was material.  (*Id.* at 12); *see* Cal. Civ. Code
22   § 2923.6(b) ("[A] mortgage servicer . . . shall be liable to a borrower for actual
23   economic damages . . . resulting from a material violation of [Section 2923.6].").  The
24   Court is not convinced by Defendants' first argument, but it agrees that Plaintiff has
25   not adequately alleged that the violation of section 2923.6 was material.

26       **1.    Complete Loan Application**

27       Defendants attempt to have it both ways with their argument on this point.
28   They insist that Plaintiff has not adequately alleged that she submitted a complete

application prior to their recordation of the notice of sale, but they also do not deny that they considered her application and offered her a loan modification. (*See* Mot. 11–12.) Defendants cite to *Stokes v. CitiMortgage, Inc.*, No. CV 14–00278 BRO (SHx), 2014 WL 4359193, at \*7 (C.D. Cal. 2014), in which a court found that a "bald allegation that a party submitted 'complete' loan modification applications—without sufficient supporting factual allegations—is a conclusory statement."

Here, however, other aspects of Plaintiff's complaint do corroborate her allegation that she submitted a complete loan modification application. Most importantly, Plaintiff claims that Defendants actually reviewed her application and offered her a loan modification, supporting the allegation that her application was complete. (*See* FAC ¶ 16–17.) Defendants do not make any arguments to the contrary in their motion to dismiss; instead, they appear to base their argument on a mere technicality. As such, their argument that Plaintiff failed to provide support for the allegation that her application was complete is not well taken.

### 2. Materiality

Next, Defendants argue that Plaintiff has not shown that Defendants' alleged violation of section 2923.6 was material. Courts have defined "material" for purposes of section 2923.6 as "reflect[ing] whether the alleged violation affected a plaintiff's obligations or the modification process." *See, e.g.*, *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015). The Court agrees that Plaintiff has not shown how the alleged violation affected her obligations or the modification process. In other words, she has not shown that the ultimate result—her home being foreclosed upon—would have changed had Defendants not noticed a sale of her home while her application for a modification remained pending. The fact that Defendants did ultimately review her application and offer her a modification reinforces this. Plaintiff argues that the violation was material because "the loan modification would have been different had Defendants used the proper calculations." (Opp'n 17, ECF No. 24.) In making this argument, Plaintiff appears to confuse the materiality of

Defendants' modification assessment process with the materiality of the fact that they noticed a sale while her application was pending. Therefore, Plaintiff has not met the materiality requirement for this cause of action, and the Court **DISMISSES** it with leave to amend.

**D.     Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff premises this claim on Defendants' alleged failure to accurately process her loan modification application. (FAC ¶¶ 81–86.) Plaintiff states that Defendants "unfairly neglected Plaintiff's . . . loan modification application without a good faith review and thus interfered with her right to receive the benefits bargained for such under the loan contract." (*Id.* ¶ 83.)

While it is true that California law implies a covenant of good faith and fair dealing in every contract, including this one, this covenant is limited to the express terms of the contract "and cannot be extended to create obligations not contemplated by the contract." *See Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093–94 (2004); *see also Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371 (1992). Plaintiff has not alleged that Defendants had any contractual obligation based on the Note and Deed of Trust to consider her for a loan modification or offer any particular modification.

Plaintiff argues that she asserted and was denied a right, which is an element of a claim for breach of the implied covenant of good faith and fair dealing. (Opp'n 18.) She claims that she asserted her right to be reviewed for a loan modification as required under the Homeowner Bill of Rights, Cal. Civ. Code §§ 2920 *et seq.* (*Id.*) The problem with this argument is that it does not hinge on a right that Plaintiff was entitled to under the contract at issue. Thus, while her allegations might point to a statutory violation, they do not demonstrate that Defendants breached the implied covenant of good faith and fair dealing. Therefore, the Court **DISMISSES** this cause of action with leave to amend.

**E.     Unfair Competition Law Violation**

California's Unfair Competition Law ("UCL") prohibits any unlawful business or practice. *Sandoz Inc. v. Amgen Inc.*, 137 S. Ct. 1664, 1673 (2017); Cal Bus. & Prof. Code § 17200. "A business act or practice is unlawful under the [UCL] if it violates a rule contained in some other state and federal statute." *Sandoz*, 137 S. Ct. at 1673.

Defendants argue that Plaintiff lacks standing to bring a claim under the UCL. They are correct. In 2004, the UCL was amended to allow a private person to bring a UCL action if he or she could show that they "suffered injury in fact and lost money or property caused by unfair competition." *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1381 (2010). For the same reasons that Plaintiff cannot establish the causation element for negligence, she has not demonstrated that her harm—having her home foreclosed upon—was caused by Defendants' alleged violation of the UCL. Therefore, this claim is also **DISMISSED** with leave to amend.

**F.  Wrongful Foreclosure**

Defendants' argument in moving for a dismissal of this cause of action is that Plaintiff's claim is not ripe. (Mot. 17); *see also Foster v. SCME Mortg. Bankers, Inc.*, 2010 WL 1408108, at *4 (E.D. Cal. 2010) ("Because plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."). Plaintiff has not alleged that her home has already been foreclosed upon; she claims only that Defendants are attempting to foreclose on her home. (*See* FAC ¶ 123.) In Plaintiff's opposition to the motion to dismiss, she does not argue that her home has been foreclosed upon in the time that has followed since filing her first amended complaint. As such, the Court finds that Plaintiff's claim for wrongful foreclosure is not ripe and is not properly alleged. Defendants' motion to dismiss as to this cause of action is **GRANTED**, and Plaintiff is granted leave to amend.

**G.  Cancellation of Instruments**

The cancellation of an instrument such as a deed is an equitable remedy, not an independent basis for liability. *See, e.g.*, *Swin v. Pac. Coast Fin. Servs.*, No.

09cv2734 BTM (BLM), 2010 WL 1691567, at *4 (S.D. Cal. Apr. 23, 2010). Such a claim is premised on the invalidity of an instrument and must be paired with a viable substantive basis for liability, such as a quiet title claim. *See Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000); *Porter v. Superior Court*, 73 Cal. App. 3d 793, 799 (1977). Because Plaintiff's quiet title claim fails (as discussed below), so too must her claim for cancellation of instruments. The Court **DISMISSES** this cause of action with leave to amend.

## H. Declaratory Relief

Plaintiff lists a claim for declaratory relief in her complaint. However, "declaratory and injunctive relief are not causes of action; rather, they are remedies." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010). Therefore, Plaintiff's cause of action for declaratory relief is **DISMISSED** without leave to amend.

## I. Violation of California Civil Code § 2923.55

California Civil Code section 2923.55 provides that before recording a notice of default, a servicer of a loan must either (1) contact a borrower and provide certain disclosures and notices; or (2) satisfy certain due diligence requirements in an effort to make contact with the borrower. Cal. Civ. Code § 2923.55(a)(2). Further, the servicer is required to attach a declaration to the notice of default attesting to actual contact with the borrower or due diligence in attempting to contact the borrower. *Id.* § 2923.55(c).

Defendants argue that while Plaintiff alleges that defendants failed to contact her, she does not allege that they violated the due diligence portion of the statute). (Mot. 21.) They also argue that Plaintiff has not shown that the alleged violation was material. (*Id.*); *see* Cal. Civ. Code §§ 2924.12(a)–(b) (providing a remedy for a violation of section 2923.55 where the violation is material).

The Court disagrees with Defendant's first argument; Plaintiff plainly states in her complaint that "SPS did not adequately conduct its required due diligence prior to

filing the [Notice of Default]." (FAC ¶ 149.)  However, the Court agrees that Plaintiff has not met the materiality requirement and thus cannot state a cause of action under section 2923.55. In order to meet the requirement, Plaintiff would have to show that Defendants' alleged violation affected her ability to avoid foreclosure.  Here, despite the alleged violation, Plaintiff was able to submit a loan modification application and was offered a modification, which she declined.  (*See* FAC ¶¶ 16–17.)  Therefore, Plaintiff's own allegations undercut her argument that Defendants thwarted her ability to be considered for foreclosure alternatives in violation of section 2923.55.  As such, the Court **DISMISSES** this cause of action with leave to amend.

## J.    Quiet Title

The purpose of a quiet title action is "to establish title against adverse claims to real or personal property or any interest therein." *Mortg. Elec. Registration Sys. v. Robinson*, 45 F. Supp. 3d 1207, 1210 (C.D. Cal. 2014).   Defendants argue that Plaintiff cannot show that her claim to the property is superior to theirs because she has not paid the outstanding debt on which the deed of trust is based.  (Mot. 22); *see Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013). Plaintiff's counterargument is that she need not pay back Defendants because her loan was improperly transferred.  (Opp'n 26.)   However, Plaintiff's allegations to this effect are insufficient.  The bulk of Plaintiff's complaint is devoted to her allegations that Defendants improperly considered her loan modification application, which she punctuates with mere conclusory allegations that her Deed of Trust was improperly assigned and transferred.  (*See, e.g.,* FAC ¶ 114.)  Therefore, she cannot state a viable cause of action for quiet title.   This cause of action is **DISMISSED** with leave to amend.

/ /

/ /

/ /

/ /

# V. CONCLUSION

For the reasons discussed above, Defendants' motion is **GRANTED**. (ECF No. 22.) The Court grants Plaintiff leave to amend her complaint to the extent described in this order. Plaintiff must file her amended complaint no later than September 25, 2017.

**IT IS SO ORDERED.**

August 22, 2017

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**